Deaderick, J.,
delivered the opinion of the court.
The bill in this case was filed in the Chancery Court of Weakley county. Its substantial allegations are, that complainant Sarah is the administratrix and widow of Solomon' McMurray, and complainant Henrietta his daughter and only heir at law; that Susan L. Smith died in 1862, having devised a. tract of 210 acres of land in said county to one Isham T. Smith; that Isham being indebted to defendant Bras-field in about the sum' of $1,500 mortgaged the land to him to secure said indebtedness; that subsequently to the execution of the mortgage deed, I. M. Pierce, *530 the administrator of Susan L. Smith, filed an attachment bill in the Chancery Court at Dresden, Weak-ley county, to subject the land to the payment of certain liabilities of Isham to the estate of said Susan L. Smith, deceased. The said Brasfield and others were made defendants with the said Isham to said bill. Brasfield answered and filed his cross bill setting up the mortgage to him and claiming priority of satisfaction of his debt out of the land. The land was ordered to be sold and the decree declared and decided that after the payment of the costs, the mortgage debt to Brasfield should be first paid and then the debt to Pierce administrator of Susan, etc.
At the sale, Solomon McMurray, the intestate of complainant Sarah, became the purchaser and executed his notes with security for $4,000, the amount of the purchase money.
It. is further alleged that the intestate during his life-time paid $3,300 of the purchase money, leaving due and unpaid. $700. at the' time of his death, and for this balance, a judgment had been taken in the Chancery Court. The bill prayed for an injunction to restrain the issuance of execution upon the judgment, which was granted.
The bill further charges that Susan L. Raynor had, since the death of Solomon McMurray the purchaser, set up a claim to the land upon the ground that she had the fee simple title to it in 1845, and that she united with her husband Kenith Raynor in the execution of a power of attorney to Alfred Gardner their attorney in fact to sell said land, and that *531 acting under said power, said Gardner on July 4, 1845, sold said land to said Susan L. Smith.. It is further alleged that said Raynor and wife were threatening to bring suit for the land, and to quiet the title, she, said Sarah, had paid and agreed to pay them §1,050 and took their conveyance for the same. The bill prays that the price of the land may be abated to that amount, and the $700 judgment be extinguished by its application to pay the f1,050 and that Pierce, administrator, and Brasfield, whose debts have been fully paid, may be required to refund a sum sufficient to satisfy the balance of the $1,050. Pierce answers and calls for proof of the allegations of the bill, and does not admit the validity of the claim of Raynor and wife. Brasfield demurred to the bill and it was heard alone upon the demuri’er of Brasfield, and the bill was dismissed as to him, from which decree the complainants have appealed to this court.
The question presented is, whether admitting the allegations of the bill to be true, complainants are entitled to any relief against Brasfield.
From the bill it does not appear when the land was sold in the case of Pierce, adm’r, v. Isham T. Smith et als., nor whether the master’s report of sale was or was not confirmed, nor whether the title to the land was divested out of Isham T. and vested in the purchaser. But in the absence of negative allegations it must be presumed that the proceedings in that case were according to the usual course of proceedings in chancery in such cases, especially as it is *532 alleged in the bill, that regular proceedings in that case were had, and it further appears that Solomon-McMurray the purchaser, who died in 1869 had paid-all the purchase money, previous to his death, except the sum of $700, for which a judgment was obtained against his administratrix.'
The bill should allege the existence of such facts as are relied upon to impeach the rights claimed by defendants, and specify the insufficiency or imperfection in the proceedings which purport to confer the right which is impeached. It is not sufficient for this purpose that the bill omits to allege facts showing the regularity and sufficiency of the proceedings in the case. It seems to have been assumed by complainants’ solicitor, in the argument of the cause, that the report of sale was confirmed, but that the title was not divested and vested. The practice is not uniform in such cases. Sometimes the title is vested at the time of the confirmation of the sale and a' lien retained for the payment of the purchase money. In other cases, the sale is confirmed and the title is withheld until the payment of the purchase money. when it is vested in the purchaser.
It is not material for the purposes of this suit whether the sale be considered as effected by the original or cross-bill, either party being entitled to enforce his right by a suit against the mortgagor.
The title of the mortgagee to the land sold, was simply as trustee or holder, for the security of his debt. The purchaser would be entitled to the benefit of the covenants of the several conveyances pre *533 ceding the conveyance to the mortgagee, but in the absence of express covenants from the mortgagee, after the sale is confirmed, and title vested, and the money has been paid over by the purchaser, the mortgagee cannot be held to make restitution of that which has been paid to him in discharge of his debt. The purchaser had opportunity and had the right to protect himself by having an inquiry into the title before he could be required to pay over the purchase money.
The court declared that the mortgage debt constituted a prior lien upon the proceeds of the sale of the land, more than enough of the proceeds remained to pay the supposed charge of complainants, if such exist, which we do not now determine.
We are of opinion that the decree of the Chancellor sustaining the demurrer of Brasfield, was correct, and we affirm it and remand the cause.